## ASA BAKER vs. THE LONG ISLAND RAIL ROAD COMPANY.

The statute regulating the commencement of the action of ejectment does not apply to corporations. A rule to plead and notice thereof endorsed on the declaration in the usual manner, and served on the defendants, who were a corporation sued by summons in the ejectment, held regular.

*Motion by defendants to set aside a rule to plead entered in the common rule book, in the clerk's office in New York, July 31, 1845, for irregu-*

*larity.*—The suit was ejectment ; commenced by summons, upon the return of which the defendants appeared by McCoun & Clark, their attorneys. The plaintiff's attorney entered the ordinary rule to plead in the common rule book, and served the declaration with notice of such rule endorsed ; instead of serving the declaration with the notice endorsed thereupon, that the same would be filed upon some day in the same or the next term, and that a rule to plead would be thereupon entered as required by the 12th section of the statute, regulating " the action of ejectment," 2 *R. S.*, p. 231. In opposition to the motion, it was insisted that the statute regulating the action of ejectment applied only to suits against natural persons, and that the section (12) did not apply to an action against a corporation which could only be commenced by summons, (2 *R. S.*, p. 374, § 4,) *Brown* vs. *The Syracuse and Utica Rail Road Company*, 5 *Hill*, 554. In support of the motion, it was insisted that the repugnance of the two statutes should be reconciled by requiring the action of ejectment against a corporation to be commenced by summons, and that all the proceedings subsequently to the return of the summons should be had according to the statute.

H. F. CLARK, *Defts Counsel.*    McCOUN AND CLARK, *Defts Attys.*
N. HILL, Jr., *Plffs Counsel.*    JOHN VANDERBILT, *Plffs Atty.*

BEARDSLEY, Justice.—Held, that the statute regulating the commencement of the action of ejectment did not apply to corporations, and that the plaintiff's proceedings were regular.

Motion denied with costs.